United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 12-20136-amc
Mark Herbert                                                              Chapter 13
Carrie Herbert
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: admin              Page 1 of 2              Date Rcvd: Feb 23, 2018
                              Form ID: 3180W           Total Noticed: 16

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 25, 2018.
db/jdb         +Mark Herbert,    Carrie Herbert,    1268 Thames Crescent,    Yardley, PA 19067-6010
12990113       +Bucks County Tax Claim Bureau,    c/o John A. Torrente,Esq.,    55 East Court Street,
                 Doylestown,PA 18901-4318
12905621        FIA CARD SERVICES, N.A.,    4161 Piedmont Parkway,    NC4 105 03 14,    Greensboro, NC 27410
12945768        Sallie Mae Inc. on behalf of USA FUNDS,    Attn: Bankruptcy Litigation Unit E3149,
                 P.O. Box 9430,   Wilkes-Barre, PA 18773-9430
12894329       +Township of Lower Makefield,    1100 Edgewood Road,    Yardley, PA 19067-1689
13920808       +U.S. Bank National Association, as inde,    Serviced by Select Portfolio Servicing,,
                 3217 S. Decker Lake Dr.,    Salt Lake City, UT 84119-3284
12894330       +Young, Klein & Associates, LLC,    3554 Hulmeville Road,    Suite 102,    Bensalem, PA 19020-4366

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: bankruptcy@phila.gov Feb 24 2018 01:48:12     City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Feb 24 2018 01:47:13     Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Feb 24 2018 01:47:40     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
12962772       +E-mail/Text: bncmail@w-legal.com Feb 24 2018 01:47:28     CHESWOLD (OPHRYS), LLC,
                 C O WEINSTEIN AND RILEY, PS,    2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
12996430        EDI: PRA.COM Feb 24 2018 01:33:00     Portfolio Recovery Associates, LLC,    POB 41067,
                 Norfolk VA 23541
13024514       +EDI: PRA.COM Feb 24 2018 01:33:00     PRA Receivables Management, LLC,    POB 41067,
                 Norfolk, VA 23541-1067
13456848        EDI: AGFINANCE.COM Feb 24 2018 01:33:00     SPRINGLEAF FINANCIAL SERVICES,    PO BOX 3251,
                 EVANSVILLE IN 47731
13069684        EDI: TDBANKNORTH.COM Feb 24 2018 01:33:00     TD Bank N.A.,    Attn: Bankruptcy Dept.,
                 ME2-002-035,    P.O. Box 9547,    Portland, ME 04112-9547
12940528        EDI: WFFC.COM Feb 24 2018 01:33:00     Wells Fargo Bank NA,    PO Box 10438,
                 Des Moines IA   50306-0438
                                                                                               TOTAL: 9

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
13920809*      +U.S. Bank National Association, as inde,    Serviced by Select Portfolio Servicing,,
                 3217 S. Decker Lake Dr.,    Salt Lake City, UT 84119-3284
                                                                                               TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 25, 2018                                     Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 22, 2018 at the address(es) listed below:
              DANIELLE  BOYLE-EBERSOLE    on behalf of Creditor    U.S. Bank National Association, as indenture
               trustee, for the holders of the CIM Trust 2017-3, Mortgage-Backed Notes, Series 2017-3
               debersole@hoflawgroup.com, bbleming@hoflawgroup.com
              ELLIS B. KLEIN    on behalf of Joint Debtor Carrie  Herbert ykassoc@gmail.com, ykaecf@gmail.com,
               ebklein.ykabk@gmail.com,paullawyers@gmail.com,pyoung@ykalaw.com
              ELLIS B. KLEIN    on behalf of Debtor Mark  Herbert ykassoc@gmail.com, ykaecf@gmail.com,
               ebklein.ykabk@gmail.com,paullawyers@gmail.com,pyoung@ykalaw.com
              HILARY B. BONIAL    on behalf of Creditor    HSBC Finance Corporation hbonial@bonialpc.com,
               hbonial@bonialpc.com

```
District/off: 0313-2          User: admin               Page 2 of 2              Date Rcvd: Feb 23, 2018
                              Form ID: 3180W            Total Noticed: 16
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
         JOHN A. TORRENTE    on behalf of Creditor    Bucks County Tax Claim Bureau jtorrente@begleycarlin.com
         MATTEO SAMUEL WEINER    on behalf of Creditor    U.S. Bank National Association, as indenture trustee, for the holders of the CIM Trust 2017-3, Mortgage-Backed Notes, Series 2017-3 bkgroup@kmllawgroup.com
         PAUL H. YOUNG    on behalf of Joint Debtor Carrie  Herbert support@ymalaw.com, ykaecf@gmail.com, paullawyers@gmail.com,pyoung@ymalaw.com
         PAUL H. YOUNG    on behalf of Debtor Mark  Herbert support@ymalaw.com, ykaecf@gmail.com, paullawyers@gmail.com,pyoung@ymalaw.com
         SIOBHAN D. BYRNES    on behalf of Creditor    Township of Lower Makefield sbyrnes@begleycarlin.com, brossmann@begleycarlin.com
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
         WILLIAM C. MILLER, Esq.    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com, philaecf@gmail.com
         WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com
                                                                                TOTAL: 12

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Mark Herbert** | Social Security number or ITIN  **xxx–xx–3450** |
| | First Name    Middle Name    Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Carrie Herbert** | Social Security number or ITIN  **xxx–xx–3466** |
| | First Name    Middle Name    Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Eastern District of Pennsylvania** | | |
| Case number:  **12–20136–amc** | | |

# Order of Discharge                                                                                                     12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Mark Herbert                                                  Carrie Herbert

2/22/18                                                         **By the court:**    <u>Ashely M. Chan</u>
                                                                                            United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**
Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**